# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Kelly Lyons,<br><br>Plaintiff,<br><br>v.<br><br>Portfolio Recovery Associates, L.L.C.<br><br>Defendant. | Case No. 0:15-cv-02736<br><br><br><br>**COMPLAINT**<br><br><br><br>**JURY TRIAL DEMANDED** |

## JURISDICTION

1. This action arises out of violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, by Defendant and its collection agents in their illegal efforts to collect a consumer debt from Plaintiff.

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

4. Plaintiff Kelly Lyons (hereinafter "Plaintiff") is a natural person who resides in the City of Fridley, County of Anoka, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Portfolio Recovery Associates, L.L.C. (hereinafter "Defendant") is a

third-party debt buyer, collection agency and foreign business with a corporate headquarters located at 120 Corporate Boulevard, Norfolk, Virginia 23502, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

6. Defendant attempted to collect from Plaintiff an alleged financial obligation for $538.88 that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, the balance of a credit card.

7. This alleged debt apparently originated with Household Bank, but was sold to third party debt buyer, CACH, LLC.

8. Defendant, another third party debt buyer, then apparently purchased this alleged debt from CACH, LLC, and placed it for collection from Plaintiff.

9. However, Plaintiff never incurred the alleged debt that Defendant has attempted to collect from her.

10. Defendant indicated to Plaintiff during a phone conversation that this alleged debt was from a MasterCard, but Plaintiff has only one MasterCard and she is current with her payments on it.

11. Moreover, Plaintiff does not recall ever having a credit card or any contractual relationship with Household Bank.

12. Plaintiff vigorously disputes that she ever owed a debt to Household Bank or

CACH, LLC, and disputes owing this alleged debt that Defendant has attempted to collect.

### *Defendant's Illegal Third Party Contact with Plaintiff's Daughter*

13. On May 28, 2015, Defendant called Plaintiff's 13 year-old daughter in an effort to collect this alleged debt, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

14. During this May 28, 2015, collection call to Plaintiff's minor daughter, Defendant's collection agent asked to speak with Plaintiff.

15. Plaintiff's daughter responded that her mom was not home from work yet.

16. Defendant's collector then told Plaintiff's 13 year-old daughter that she was calling from Portfolio Recovery and needed to talk to Plaintiff about a Household MasterCard with a balance of $538.88, or words to that effect.

17. Defendant's collection agent continued further by stating that the balance needed to be paid and she needed to talk to Plaintiff to figure that out, or words to that effect.

18. Finally, Defendant's collector told Plaintiff's daughter to have her mom call them back, or words to that effect.

19. The call ended shortly thereafter.

20. Defendant's disclosure of this alleged debt, which Plaintiff does not even owe, to Plaintiff's minor daughter during this May 28, 2015, collection call

caused Plaintiff's daughter to worry about Plaintiff's financial situation.

21. When Plaintiff arrived home that day, her daughter relayed the information from Defendant and asked Plaintiff what this was all about.

22. Plaintiff had no idea what Defendant was calling about, and was furious that Defendant created this worry in her 13 year-old daughter.

23. Plaintiff immediately returned the call to Defendant on May 28, 2015, and spoke with one of Defendant's collection agents about this alleged debt, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

24. During this call, Plaintiff explained how angry she was that Defendant told her minor daughter about an unpaid debt, and she asked to speak with someone in the legal department.

25. Plaintiff was then apparently transferred to one of Defendant's collection managers.

26. When Defendant's collection manager came to the phone, she explained to Plaintiff that they were calling about an unpaid Household MasterCard debt.

27. Plaintiff responded that she knew nothing about this debt, and continued to express her frustration over Defendant's disclosure of this alleged debt to her daughter.

28. Defendant's collection manager quickly dismissed Plaintiff's concerns and

continued to discuss payment for this alleged debt with Plaintiff.

29. Plaintiff then stated that she was disputing this debt and asked for Defendant to stop calling her daughter's phone number as well as her phone number.

30. Defendant's collection manager responded that she would send dispute paperwork to Plaintiff and would cease her daughter's phone number, but that Plaintiff would need to send the dispute and request to cease to her phone number in writing, or words to that effect.

31. The call ended shortly thereafter.

32. The above-described collection call by Defendant to Plaintiff's minor daughter failed to conform to the allowable communications with third parties pursuant to 15 U.S.C. §§ 1692b and 1692c(b), namely, by stating that Plaintiff owed a debt and failing to limit their request to "location information" as defined by 15 U.S.C. § 1692a(7).

33. During this collection call, Defendant also failed to state that they were confirming or correcting location information concerning Plaintiff as required by 15 U.S.C. § 1692b(1).

34. Plaintiff was extremely embarrassed, angered and frustrated that Defendant contacted her 13 year-old daughter about this alleged debt.

35. Since Defendant's May 28, 2015, collection call, Plaintiff's daughter has been having stress and anxiety over Plaintiff's financial situation. For example,

Plaintiff's daughter has summer camps and sports activities coming up, but has now discussed skipping those activities so Plaintiff would not have to worry about paying for them. Plaintiff's daughter was also scared to ask her mom for money so that she could enjoy a last day of school celebration with her friends.

36. Defendant's disclosure of this unpaid debt to Plaintiff's daughter has created an aspect of financial uncertainty, which has negatively affected the relationship between Plaintiff and her daughter.

37. Plaintiff has been so irritated about the impact Defendant's call has had on her daughter that she has had tension headaches and has not slept good at night because she is up worrying about it.

38. Defendant's May 28, 2015, collection communications to Plaintiff and her 13 year-old daughter were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692b(1), 1692b(2), 1692c(b), 1692d, 1692e, 1692e(7), 1692e(10), 1692f, and 1692f(1), amongst others.

*Summary*

39. The above-described collection communications made to Plaintiff and her daughter by Defendant and the collection employees employed by Defendant, namely by disclosing to Plaintiff's minor daughter that Plaintiff owed a debt, were made in violation of numerous and multiple provisions of the FDCPA,

including but not limited to all of the provisions of the FDCPA cited herein.

40. Defendant's disclosure of this disputed debt to Plaintiff's daughter was an unfair and deceptive attempt to collect this debt, which materially affected and frustrated Plaintiff's ability to intelligently respond to Defendant's collection efforts because she was so outraged by Defendant's contact with her minor daughter.

41. Plaintiff has suffered actual damages as a result of Defendant's conduct in the form of anger, anxiety, emotional distress, frustration, upset, and embarrassment, amongst other negative emotions.

### *Respondeat Superior Liability*

42. The acts and omissions herein of the individuals employed to collect debts by Defendant, and the other debt collectors employed as agents of Defendant who communicated with Plaintiff and Plaintiff's daughter as more fully described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant.

43. The acts and omissions by these individuals and these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant in collecting consumer debts.

44. By committing these acts and omissions against Plaintiff, these individuals and these other debt collectors were motivated to benefit their principal,

Defendant.

45. Defendant is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of federal law by its collection employees, including but not limited to violations of the FDCPA in its attempts to collect this disputed debt from Plaintiff.

## TRIAL BY JURY

46. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.  US Const. amend. 7.  Fed. R. Civ. P. 38.

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 *et seq.*

47. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

48. The foregoing acts and omissions of Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 *et seq.*, with respect to Plaintiff.

49. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to

actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant herein.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 *et seq.*

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant and for Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant and for Plaintiff; and

- for such other and further relief as may be just and proper.

Respectfully submitted,

**BARRY & HELWIG, LLC**

Dated: June 16, 2015

By: **s/Patrick J. Helwig**
Patrick J. Helwig, Esq.
Attorney I.D.#0391787

                    2701 University Ave. SE, Suite 209
                    Minneapolis, Minnesota 55414-3236
                    Telephone: (612) 379-8800
                    Facsimile: (612) 379-8810
                    phelwig@lawpoint.com
                    ***Attorney for Plaintiff***

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF MINNESOTA )
) ss
COUNTY OF HENNEPIN )

Pursuant to 28 U.S.C. § 1746, Plaintiff Kelly Lyons, having first been duly sworn and upon oath, verifies, certifies, and declares as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _June_ _16_, _2015_
                 Month     Day     Year

_Kelly Lyons_
Signature